## EBENEZER GILSON *vs.* WILLIAM W. GILSON.

A written instrument under seal, not acknowledged, in which the signer agrees to maintain his father and mother during their natural lives, and as security for the fulfilment of the agreement conveys and grants to them " each and severally, a life lien or dower or lien of maintenance for life " in real estate, is a mortgage; and an action for possession of the premises described in it may be sustained against him, by the father alone, after breach of the agreement to maintain him.

WRIT OF ENTRY. At the trial in the superior court, the demandant proved that, on the 27th of June 1855, he conveyed the demanded premises to the tenant, by deed of warranty duly acknowledged, and at the same time, as part of the same transaction, took back from the tenant an instrument under seal, which is copied in the margin,* and which was duly recorded

---

* An indenture made this twenty-seventh day of June, in the year of our Lord eighteen hundred and fifty five, between William W. Gilson of the one part, and Ebenezer Gilson of the other part, both of Dunstable, in the county of Middlesex and Commonwealth of Massachusetts, yeomen ;

" Whereas said Ebenezer Gilson hath this day conveyed to me, said William W. Gilson, all his real estate situated in said Dunstable, consisting of about one hundred acres of land with the buildings thereon standing, for my use and possession, and to my heirs and assigns, for the support and maintenance of himself, said Ebenezer Gilson, and his wife Rebecca Gilson, during their natural lives ;

" Now, therefore, this indenture witnesseth that for and in consideration of said conveyance of said real estate, made to me by said Ebenezer Gilson, my father, the receipt whereof is hereby acknowledged, I do hereby bind myself and my heirs, each and every one of them, to support and maintain my father, said Ebenezer Gilson, and my mother, said Rebecca Gilson, during their natural lives ; at all times to afford them good and comfortable shelter and clothing, lodging, washing, suitable and proper diet, and other necessaries of all sorts ;

with the deed ; and *Rockwell,* J. ruled that this instrument granted to the demandant and his wife an estate in joint tenancy, and did not enable him to maintain an action to recover possession of the premises in his own name alone, even after breach of condition ; and, further, that the instrument was inadmissible in evidence for want of acknowledgment. A verdict was accordingly returned for the tenant, and the demandant alleged exceptions.

*D. S. Richardson,* for the demandant.

*A. R. Brown,* for the tenant.

DEWEY, J. The demandant may well maintain this action as mortgagee of the demanded premises. The case of *Lanfair* v. *Lanfair,* 18 Pick. 299, is a strong authority to show that such is the proper effect of the indenture executed by the parties. The indenture expresses on its face that it was given for the faithful fulfilment of an agreement to support and maintain Ebenezer Gilson and his wife Rebecca during their natural

---

also I agree to take good and proper care of each of them during sickness, and at all times to contribute to their comfort and happiness as a good and dutiful son ;

" In case of my death previously to the death of my father, said Ebenezer Gilson, or my mother, said Rebecca Gilson, I hereby bind my heirs to fulfil all the foregoing agreements ;

" For the better security of my father, said Ebenezer Gilson, and my mother, said Rebecca Gilson, for the faithful fulfilment of the foregoing agreement or indenture on my part and on the part of my heirs, I hereby convey and grant to my said father, said Ebenezer Gilson, and my mother, said Rebecca Gilson, each and severally, a life lien or dower, or lien of maintenance for life in said real estate, conveyed to me this day by said Ebenezer Gilson, by warranty deed, to which reference is hereby made for boundaries, situation, &c., said premises being subject to one mortgage of nine hundred and thirty five dollars, in favor of Jeremiah Gilson of said county of Middlesex ;

" In witness whereof I have hereunto set my hand and seal this twenty-seventh day of June, in the year of our Lord eighteen hundred and fifty five.

" WILLIAM W. GILSON, and Seal.

" Witness : A. K. HATHAWAY.

" The foregoing instrument is satisfactory to me,

" EBENEZER GILSON, and Seal.

" Witness : A. K. HATHAWAY."

lives. In this respect it substantially agrees with the case of *Lanfair* v. *Lanfair.* It was said by the court in that case that, " if the instrument be made as a security for the payment of a debt, or the performance of a duty, it is a mortgage. And the substance, and not the mere form, of the instrument is to be regarded." The like view is taken, and fully supported by numerous authorities cited in 1 Washburn on Real Prop. 479.

2. Nor can the tenant object to the validity of the deed because it was not duly acknowledged, and consequently it was not duly recorded. The statute declares that no such conveyance " shall be valid and effectual, against any person other than the grantor and his heirs and devisees, or persons having actual notice thereof, unless it is made by a deed recorded." Rev. Sts. *c.* 59, § 28. Gen. Sts. *c.* 89, § 3. This conveyance was offered to show a title in the demandant, derived from the tenant, and the tenant was the grantor in this deed, and so within the exception. The acknowledgment is only essential as a prerequisite to the recording, and as against the grantor and his heirs, the deed is effectual without it. See *Dole* v. *Thurlow,* 12 Met. 157, to the point that a deed not acknowledged is a valid conveyance as against the grantor.

3. The demandant has such interest in the demanded premises as to entitle him to maintain an action therefor in his own name alone, after a breach of the agreement for his support and maintenance recited in said indenture. The Rev. Sts. *c.* 59, § 11, it is true, have excepted mortgages from the broad provision that all conveyances made to two or more persons shall be construed to create estates in common and not in joint tenancy. But this provision only operates to leave open the inquiry in each particular case, as to the character of the mortgage. If the mortgage is given to secure a joint debt, it will be construed to be a joint estate. But if a mortgage is given to secure separate debts or obligations or duties, each mortgagee is entitled to enforce his rights in his own name. The case of *Burnett* v. *Pratt,* 22 Pick. 556, will be found to sustain this position. 1 Washburn on Real Prop. 535, also states the rule in the same way.

Upon recurring to this indenture, it will be found to contain an obligation to support and maintain the demandant during his natural life. This is an obligation in which the demandant is alone legally interested, and which may be enforced as a separate duty to him, the performance of which is secured by the mortgage. This is so, whatever question might arise as to the proper parties to an action, in which the object was to enforce the mortgage solely for the breach of the stipulation to support and maintain his wife. The indenture also declares that the tenant grants and conveys a lien on said real estate for the purposes recited, to " said Ebenezer Gilson, and my mother, said Rebecca Gilson, each and severally."

The court are of opinion that none of the objections urged by the tenant are well maintained. *Exceptions sustained.*